IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

**FILED**

JUL 1 5 2016

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. J. WILLIAM BOOKWALTER, III, M.D.; ROBERT J. SCLABASSI, M.D.; and ANNA MITINA, <br><br> Plaintiffs, <br><br> v. <br><br> UPMC; UPP, INC. d/b/a UPP DEPARTMENT OF NEUROSURGERY, <br><br> Defendants. | Civil Action No. 2:12-cv-145 <br><br> **FILED UNDER SEAL PURSUANT TO 31 USC § 3730(b)(2)** |

## UNITED STATES' NOTICE OF ELECTION TO INTERVENE AS TO CERTAIN CLAIMS FOR PURPOSES OF SETTLEMENT

Pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2) and (4), the United States notifies the Court of its decision to intervene in part of this action for purposes of settlement and to decline to intervene as to the remaining part of the action. Pursuant to an agreement among the United States, the University of Pittsburgh Medical Center ("UPMC"), the University of Pittsburgh Physicians ("UPP"), UPMC Community Medicine, Inc. ("CMI"), and Tri-State Neurosurgical Associates-UPMC, Inc. ("Tri-State") (collectively "the UPMC Parties"), and Relators J. William Bookwalter, III, M.D., Robert J. Sclabassi, M.D., and Anna Mitina ("Relators"), the United States intervenes as to all claims asserted on behalf of the United States against the UPMC Parties in this action concerning the Covered Conduct as described in Recitals Paragraph E of the Settlement Agreement, which states as follows:

> The United States alleges that during the period January 1, 2006 through May 31, 2015, the UPMC Parties submitted or caused to be submitted to the United States claims for physician services purportedly performed directly by certain

neurosurgeons employed by UPP, CMI or Tristate, which claims identified those surgeons as assistants-at surgery or as attending surgeons, when in fact those neurosurgeons had not performed the range of services required to support the claim for physician services, because: (a) the neurosurgeon had not participated in each aspect of a surgery for which the UPMC Parties billed that neurosurgeon as an assistant; (b) the neurosurgeon did not participate to the degree required by applicable regulations to support the procedure codes billed in procedures performed by others, including residents, fellows and physician assistants; and/or (c) when performing multi-level laminectomies, the neurosurgeon referenced in the Disclosure performed the procedure on fewer levels than reflected on CMI's claims for those services. The United States alleges that claims submitted for these physician services resulted in more reimbursement than would have been paid had the claims accurately reflected the services the neurosurgeons performed.

In connection with the United States' partial intervention, the Parties will shortly file a Stipulation of Dismissal as to claims concerning the Covered Conduct. The United States declines to intervene as to any other claim or allegation.

Although the United States declines to intervene in a portion of the action, we respectfully refer the Court to 31 U.S.C. § 3730(b)(1), which allows the Relator to maintain the declined portion of the action in the name of the United States; providing, however, that the "action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." *Id.* Therefore, the United States requests that, should either the Relators or the Defendants propose that the part of the action in which the United States has not intervened be dismissed, settled, or otherwise discontinued, this Court solicit the written consent of the United States before ruling or granting its approval.

Furthermore, pursuant to 31 U.S.C. § 3730(c)(3), the United States requests that all pleadings filed in this action, even as to the non-intervened part of this action, be served upon the United States; the United States also requests that all orders issued by the Court be sent to the United States' counsel. The United States reserves its right to order any deposition transcripts and to intervene in the portion of this action in which it is declining to intervene today, for good cause, at a later date.

The United States reserves the right to seek the dismissal of the Relators' action or claim on any appropriate grounds, including under 31 U.S.C. §§ 3730(b)(5) and (e)(4).

Finally, the United States requests that the Relators' Amended Complaint, this Notice, the attached proposed Order, and the Parties' Stipulation of Dismissal as to Certain Claims Against the UPMC Parties be unsealed. The United States requests that all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended.

A proposed order accompanies this notice.

Dated: July 15, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

DAVID J. HICKTON
United States Attorney

/s/ Colin J. Callahan
COLIN J. CALLAHAN
Assistant United States Attorney
U.S. Post Office and Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel: (412) 894-7426
Email: colin.callahan@usdoj.gov